IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-02810-PAB-BNB

OILMAN INTERNATIONAL, FZCO,

Plaintiff,

v.

MARVIN BRUCE NEER d/b/a TREE MACHINES, and
JESUSA S. NEER a/k/a JESUSA S. BARTOLOME,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on the **Motion to Dismiss and Remove Jesusa S. Neer from Civil Action** [Doc. # 13, filed 12/06/2010] (the "Motion to Dismiss"). I respectfully RECOMMEND that the Motion to Dismiss be DENIED.

At the time the Motion to Dismiss was filed, both of the defendants were proceeding *pro se*.[1] Therefore, I must liberally construe the Motion to Dismiss. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for *pro se* litigants, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The plaintiff filed its Complaint on November 17, 2010 [Doc. #1]. The Complaint asserts eleven claims arising out of an alleged breach of contract by Marvin Neer regarding the sale of engines to the plaintiff and the alleged fraudulent transfer of the proceeds to his former

---

[1] On June 2, 2011, counsel entered an appearance on behalf of Jesusa Neer [Doc. #55].

wife, Jesusa Neer.  On December 6, 2010, the Neers filed an Answer and the Motion to Dismiss.  The Motion to Dismiss is deficient in several respects.

The first sentence of the Motion to Dismiss states: "Jesusa S. Neer, my former wife, should be dismissed and removed from this lawsuit for the following reasons."  Both Mr. Neer and Ms. Neer signed the Motion to Dismiss.  However, Mr. Neer is not an attorney.  Therefore, he may not represent anyone other than himself.  See Fed.R.Civ.P. 11(a).

Ms. Neer does not certify that she served a copy of the Motion to Dismiss on counsel for the plaintiff.  Copies of papers filed in this court must be served on counsel for all other parties (or directly on any party acting *pro se*) in compliance with Fed. R. Civ. P. 5.  Rule 5 provides that all pleadings filed after the original complaint and all written motions, notices, demands, or any similar paper must be served on every party.  Fed. R. Civ. P. 5(a).  "If a party is represented by an attorney, service under this rule must be made on the attorney . . . ."  Fed. R. Civ. P. 5(b).  Service upon other parties may be by mail.  Id.  Proof that service has been made is provided by a certificate of service.  Id. at 5(d).  This certificate should be filed along with the original papers and should show the day and manner of service.  Id.

Finally, the Motion to Dismiss is substantively deficient.  A motion must "state with particularity the grounds for seeking" a court order.  Fed.R.Civ.P. 7(b)(1)(B).  "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading . . . ."  Fed.R.Civ.P. 12(b).  However, a party may assert certain defenses by motion.  Ms. Neer does not assert any of the permitted defenses in her Motion to Dismiss, nor does she cite to any authority to support her request for dismissal.  Instead, she generally denies culpability.  Ms. Neer has failed to show that she is entitled to relief.

I respectfully RECOMMEND that the Motion to Dismiss [Doc. # 13] be DENIED.

FURTHER, IT IS ORDERED that all future papers shall be served on counsel for the plaintiff in accordance with Rule 5 and shall be accompanied by a proper Certificate of Service.

IT IS FURTHER ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated August 4, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge