IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-02810-PAB-BNB

OILMAN INTERNATIONAL, FZCO,

Plaintiff,

v.

MARVIN BRUCE NEER d/b/a Tree Machines, and
JESUSA S. NEER a/k/a Jesusa S. Bartolome,

Defendants.
_____

**ORDER**
_____

This matter arises on **Plaintiff's Second Motion to Amend the Complaint** [Doc. #52, filed 05/17/2011] (the "Motion").  The Motion is GRANTED.

The plaintiff seeks to amend its Complaint to "insert additional allegations and the alleged right to recover exemplary damages." *Motion*, ¶ 1.  Rule 15, Fed.R.Civ.P., provides that a complaint may be amended once as a matter of course within 21 days after serving it or, "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Id. at 15(a)(2).  The plaintiff does not meet the deadlines of Rule 15(a)(1), and defendant Marvin Neer opposes the Motion.  *Motion*, ¶ 1.  Therefore, the plaintiff may amend only with the court's leave.

The Federal Rules of Civil Procedure provide that "the court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). A motion to amend may be denied on the grounds of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment. Foman v. Davis, 371 U.S. 178, 182 (1962).

This is a diversity of citizenship action brought pursuant to Colorado law. The plaintiff's claims arise out of an alleged breach of contract by Marvin Neer regarding the sale of engines to the plaintiff and the alleged fraudulent transfer of the proceeds to his former wife, Jesusa Neer. The Complaint asserts eleven claims, including claims for fraudulent misrepresentation and fraudulent concealment against Marvin Neer and a claim for civil theft against Marvin and Jesusa Neer. The plaintiff seeks to amend the Complaint to add allegations regarding its right to recover exemplary damages for the torts of fraudulent misrepresentation, fraudulent concealment, and civil theft.

Under Colorado law, exemplary damages are governed by C.R.S. § 13-21-102. Section 13-21-102 provides in pertinent part:

> (1)(a) In all civil actions in which damages are assessed by a jury[1] for a wrong done to the person or to personal or real property, and the injury complained of is attended by circumstances of fraud, malice, or willful and wanton conduct, the jury, in addition to the actual damages sustained by such party, may award him reasonable exemplary damages. The amount of such reasonable exemplary damages shall not exceed an amount which is equal to the amount of the actual damages awarded to the injured party.

---

[1] Section 13-21-102 applies equally to bench and jury trials. Sky Fun 1 v. Schuttloffel, 27 P.3d 361, 370 (Colo. 2001).

> (b) As used in this section, "willful and wanton conduct" means conduct purposefully committed which the actor must have realized as dangerous, done heedlessly and recklessly, without regard to consequences, or of the rights and safety of others, particularly the plaintiff.
>
> (1.5)(a) A claim for exemplary damages in an action governed by this section may not be included in any initial claim for relief. A claim for exemplary damages in an action governed by this section may be allowed by amendment to the pleadings only after the exchange of initial disclosures pursuant to rule 26 of the Colorado rules of civil procedure and the plaintiff establishes prima facie proof of a triable issue. After the plaintiff establishes the existence of a triable issue of exemplary damages, the court may, in its discretion, allow additional discovery on the issue of exemplary damages as the court deems appropriate.

Here, the plaintiff asserts that a claim for exemplary damages is appropriate based on facts available from the initial Complaint; the deposition of Mike Williams, the agent for Oilman International; and the deposition of Doug Shupe, the engine broker for Mr. Neer. The material allegations state that Mr. Neer: (1) engaged in active and concerted efforts to represent to the agent of Oilman International that he could procure two new Caterpillar DITA 3512 land industrial engines that were still on the Caterpillar factory floor; (2) contacted another broker instead who offered Mr. Neer two used Caterpillar 3512 marine propulsion engines; (3) engaged in active and concerted efforts to conceal from the agent of Oilman International that he was procuring marine engines instead of the requested land based industrial engines by (a) failing to forward various e-mails containing technical specifications for, and photographs of, two marine propulsion engines that Mr. Neer received from the marine engines broker to the agent for Oilman International, (b) altering the shipping dimensions of the marine engines by deleting references to "marine propulsion," and (c) providing the agent for Oilman International with a photograph of a land based industrial engine and a message "the engines look like this," where

the photograph was unrelated to the engines that Mr. Neer was procuring for Oilman International; and (4) engaging in active and concerted efforts to divert the funds from the transaction to this wife who promptly used the funds to make payment on the existing balance of a home mortgage.

It does not appear that the proposed amendment is futile or that it will result in any undue prejudice to the opposing parties.  <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).  Nor does it appear that the proposed amendment is the result of any undue delay, bad faith or dilatory motive on the part of the plaintiff, or repeated failure to cure deficiencies by amendments previously allowed.  Accordingly,

IT IS ORDERED:

(1)    The Motion [Doc. # 52] is GRANTED; and

(2)    The Clerk of the Court shall accept for filing the Amended Complaint [Doc. # 52-1].

Dated August 4, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge