IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-02810-PAB-BNB

OILMAN INTERNATIONAL, FZCO,

    Plaintiff,

v.

MARVIN BRUCE NEER, d/b/a TREE MACHINES, a.k.a MARVIN BARTOLOME, and
JESUSA S. NEER a/k/a JESUSA S. BARTOLOME,

    Defendants.

## ORDER

This matter is before the Court on the Recommendation of United States Magistrate Judge (the "Recommendation") [Docket No. 84] filed on December 13, 2011. The magistrate judge recommends that the Court deny the motions for partial summary judgment filed by plaintiff [Docket No. 64] and defendant Jesusa S. Neer [Docket No. 77]. On December 19, 2011, plaintiff filed timely objections to the Recommendation [Docket No. 86]. The Court therefore will "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).[1]

---

[1] Plaintiff cites *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511 (10th Cir. 1995), for the proposition that "[e]ven though a movant requests a sanction that would be dispositive, if the magistrate judge does not impose a dispositive sanction the order falls under Rule 72(a) rather than Rule 72(b)." *Id.* at 1519-20. This case, and the authority it cites, addressed the inapposite question of whether a magistrate judge's ruling on a motion for a discovery sanction, which is a pre-trial matter ordinarily reviewed pursuant to Rule 72(a), is subject to de novo review when the sanction actually imposed disposes of the case. *See* 12 Wright, Miller, et al., *Federal Practice & Procedure – Civil* § 3068.2 (2d ed. 2011). In contrast, the law is clear that a magistrate judge may not rule on a motion for summary judgment, regardless of the outcome, but rather may only

> As plaintiff summarizes in its amended complaint, plaintiff asserts claims pursuant to Colorado law to claim damages from a fraud perpetrated by the Defendant, Mr. Marvin Bruce Neer, on the Plaintiff, Oilman International, FZCO, by (1) misrepresenting the material specifications of two new Caterpillar land-based engines that were required by the Plaintiff in its business of supplying equipment to the Middle East oil industry; (2) receiving the contract price of $559,723.66 U.S.D. from the Plaintiff; (3) failing to deliver the two new Caterpillar land-based engines as requested by the Plaintiff; and (4) failing to refund the contract price to the Plaintiff. Instead, Mr. Neer paid another broker $280,000.00 U.S.D. for two used non-conforming engines, and transferred the balance he received from Oilman International, FZCO, with the exception of $55,000.00 U.S.D., to his wife [defendant Jesusa S. Neer], in a fraudulent conveyance.

Docket No. 60 at 1-2. Plaintiff asserts eleven causes of action. In its motion for partial summary judgment, plaintiff seeks summary judgment against defendant Marvin Bruce Neer on its claims for breach of contract (claim one), fraudulent misrepresentation (claim five), and fraudulent concealment (claim six). Plaintiff also seeks summary judgment against both Mr. Neer and defendant Jesusa S. Neer on its claims for civil theft (claim eight), fraudulent conveyance (claim ten), and imposition of a constructive trust and equitable lien (claim eleven). In addition, plaintiff seeks summary judgment against both Marvin and Jesusa on its claim for civil conspiracy (claim nine). Plaintiff, however, no longer wishes to proceed with its civil conspiracy claim and concedes that summary judgment should enter against it on this claim. *See* Docket No. 78 at 9.

The Recommendation concluded that plaintiff's motion for partial summary judgment cannot be granted because plaintiff seeks summary judgment under both contract and tort law without indicating whether it seeks to affirm or rescind the contract.

---

submit "proposed findings of fact and recommendations for the disposition" of the motion. 28 U.S.C. § 636(b)(1)(B); *see Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1461-62 (10th Cir. 1988).

*See Trimble v. City and County of Denver*, 697 P.2d 716, 723 (Colo. 1985) ("One seeking to remedy fraudulent inducement of a contract must elect either to rescind the entire contract to restore the conditions existing before the agreement was made, or to affirm the entire contract and recover the difference between the actual value of the benefits received and the value of those benefits if they had been as represented."), *superseded by statute on other grounds by* Colo. Rev. Stat. §§ 24-10-101 *et seq.* (1986). Plaintiff contends that it is clear from its summary judgment motion that plaintiff is not seeking to enforce the contract and that nothing in its motion can be "construed as seeking an affirmance of its contract with Mr. Neer," Docket No. 86 at 5, despite the fact that the motion argues that Mr. Neer breached the contract. The Court agrees with the Recommendation that the election of remedies doctrine is implicated.

The Recommendation implied that plaintiff's failure to elect a remedy at this stage of the proceedings automatically bars resolution of plaintiff's motion. The Court may exercise its discretion to determine when to require an election of remedies, which under appropriate circumstances need not occur until a request for judgment to enter. *See Cross Country Land Services, Inc. v. PB Telecommunications, Inc.*, 276 F. App'x 825, 832-33 (10th Cir. 2008). "Election of remedies is a harsh doctrine which should not be unduly extended." *Stewart v. Blanning*, 677 P.2d 1382, 1383 (Colo. App. 1984). Colorado courts recognize the doctrine in order "to prevent a plaintiff from recovering twice for the same wrong, to prevent jury confusion and promote judicial efficiency, and to preclude the assertion of mutually inconsistent remedial theories on the same set of facts." *Cross Country Land Services*, 276 F. App'x at 830-31 (citations omitted). In light of the doctrine's limited purpose, the Court likely would not require an election of

3

remedies if the only motion now pending were plaintiff's motion for partial summary judgment. Plaintiff, however, has since filed a motion for default judgment [Docket No. 96] against Mr. Neer on all of its claims, wherein it again fails to elect its remedy. Consequently, the Court concludes that requiring an election of remedies at this stage is justified.

Requiring plaintiff to elect a remedy (and not construing his objections to the Recommendation as attempting to do so) is further justified by the potential implications of Colorado's economic loss rule. In *Town of Alma v. AZCO Constr., Inc.*, 10 P.3d 1256 (Colo. 2000), the Colorado Supreme Court held "that a party suffering only economic loss from the breach of an express or implied contractual duty may not assert a tort claim for such breach absent an independent duty of care under tort law." *Id.* at 1264.[2] While the economic loss rule is most commonly applied to negligence claims, *Town of Alma* "did not draw any bright lines among types of torts (e.g., fraud, negligence) that are always barred by the economic loss rule, those that may be barred, and those that are never barred." *Hamon Contractors, Inc. v. Carter & Burgess, Inc.*, 229 P.3d 282, 291 (Colo. App. 2009). Rather, courts must maintain the distinction between contract and tort law which, for purposes of the economic loss rule, requires identifying "the source of the duties of the parties." *Town of Alma*, 10 P.3d at 1262. The *Town of Alma*

---

[2]The Colorado Supreme Court has since identified "three main policy reasons" that support the application of the rule "between and among commercial parties . . .: (1) to maintain a distinction between contract and tort law; (2) to enforce expectancy interests of the parties so that they can reliably allocate risks and costs during their bargaining; and (3) to encourage the parties to build the cost considerations into the contract because they will not be able to recover economic damages in tort." *BRW, Inc. v. Dufficy & Sons, Inc.*, 99 P.3d 66, 72 (Colo. 2004).

court "recognized that certain common law claims that sound in tort and are expressly designed to remedy economic loss *may* exist independent of a breach of contract claim." *Id.* at 1263 (citing cases arising out of common law fraud and negligent misrepresentation) (emphasis added); *cf. Hamon Contractors*, 229 P.3d at 291 ("The court did not articulate any sweeping principle exempting post-contractual fraud claims from the ambit of the economic loss rule."); *Makoto USA, Inc. v. Russell*, 250 P.3d 625, 629 (Colo. App. 2009) (barring plaintiff's civil theft claims where "plaintiff's contract and theft claims were inextricably intertwined: the latter could not be proven without first proving the former").

Plaintiff's fraudulent misrepresentation, fraudulent concealment, and civil theft claims all arise from Mr. Neer's failure to comply with his contractual duties. The parties' agreement required that Mr. Neer supply certain engines in exchange for payment. Plaintiff alleges that Mr. Neer promised that he would supply such engines (fraudulent misrepresentation), concealed the fact that he was supplying the wrong engines (fraudulent concealment), and retained plaintiff's payment pursuant to their agreement despite his failure to supply the engines (civil theft). The Court therefore questions whether plaintiff could proceed on any of these claims without first establishing an underlying contract. Plaintiff's election of remedies, however, may obviate the need to resolve that question.

For these reasons, the Court will deny plaintiff's motion for partial summary judgment without prejudice. Because plaintiff's election of remedies and the potential impact of the economic loss rule may resolve plaintiff's civil theft claim, the Court will defer resolution of Mrs. Neer's motion for partial summary judgment [Docket No. 77] to

the extent it seeks judgment on plaintiff's civil theft claim.  The Court, however, will grant Mrs. Neer's motion to the extent she seeks summary judgment on plaintiff's civil conspiracy claim.

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 84] is ACCEPTED in part and REJECTED in part.  It is further

**ORDERED** that plaintiff's motion for partial summary judgment [Docket No. 64] is DENIED without prejudice.  It is further

**ORDERED** that defendant Jesusa S. Neer's motion for partial summary judgment [Docket No. 77] is GRANTED in part and held in abeyance in part.  Upon entry of final judgment in this case, judgment shall enter in favor of defendants and against plaintiff on plaintiff's civil conspiracy claim.  It is further

**ORDERED** that, within 21 days of entry of this order, plaintiff may file a motion for summary judgment in which it elects its remedies and addresses the potential implications of Colorado's economic loss rule.

DATED March 29, 2012.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge