IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-02810-PAB-BNB

OILMAN INTERNATIONAL, FZCO,

Plaintiff,

v.

MARVIN BRUCE NEER d/b/a Tree Machines, and
JESUSA S. NEER a/k/a Jesusa S. Bartolome,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on plaintiff's **Motion for Default Judgment Pursuant to Fed. R. Civ. P. 16(f)** [Doc. # 96, filed 1/25/2012] (the "Motion for Sanctions"). I respectfully RECOMMEND that the Motion for Sanctions be GRANTED as specified.

Mr. Neer is proceeding pro se, and I must construe his filings liberally because he is not represented by an attorney. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). However, a pro se party still must "follow the same rules of procedure that govern other litigants." Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994).

I.

Rule 16(f), Fed. R. Civ. P., provides in relevant part:

> **(f) Sanctions.**
>
> **(1) In General.** On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
>
> **(A)** fails to appear at a scheduling or other pretrial conference; [or]
>
>    \*   \*   \*
>
> **(C)** fails to obey a scheduling order or other pretrial order.

Rule 37(b)(2)(A)(vi), Fed. R. Civ. P., authorizes the "rendering of default judgment against the disobedient party. . . ."

The plaintiff invokes Rule 16(f) based on the following:

(1) Mr. Neer failed to appear at the final pretrial conference on January 23, 2012, see Amended Final Pretrial Order [Doc. # 95] at p. 1, and failed to participate in the preparation of the proposed final pretrial order, Motion for Sanctions [Doc. # 96] at p. 4;

(2) Mr. Neer failed to make Rule 26(a)(1) disclosures, id.;

(3) Mr. Neer failed to appear at his deposition, Deposition Transcript of Marvin Neer (6/3/2011) [Doc. # 96-11] at p. 4; and

(4) Mr. Neer has failed to answer or otherwise responded to the plaintiff's Amended Complaint, Motion for Sanctions [Doc. # 96] at p. 5.

### Failure to Appear at the Final Pretrial Conference or Participate in the Preparation of the Proposed Final Pretrial Order

By a minute order [Doc. # 89] I reset the final pretrial conference to January 23, 2012, at 8:30 a.m. I also ordered the parties to submit a proposed final pretrial order on or before January 17, 2012. Pursuant to Appendix G, D.C.COLO.LCivR:

> Counsel and any pro se party are directed to meet in advance of the pretrial conference and jointly to develop the contents of the proposed final pretrial order, which shall be presented for the court's approval no later than seven days before the final pretrial conference. Also, attention is directed to Fed. R. Civ. P. 16(d)[1], which provides, in pertinent part, that "[t]he conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties."

Mr. Neer did not attend the final pretrial conference as required, did not seek leave to appear by telephone, and did not seek any other relief from the requirements of Rule 16(e) or Appendix G of the local rules of this court. On January 30, 2012, however, after the Amended Final Pretrial Order [Doc. # 95] was entered, Mr. Neer did file a letter [Doc. # 97] notifying the court of his change of address and stating: "I was unable to work with Mr. Paris w ref. to the pretrial order due to sickness. I plan to attend the July 17th as well as the trial in August."[2]

## Failure to Attend the Scheduling Conference and to Make Rule 26(a)(1) Disclosures

On December 15, 2010, I entered an Order Setting Rule 16(b) Scheduling Conference [Doc. # 18]. Among other things, I required the parties to make their Rule 26(a)(1) disclosures on or before January 18, 2011, and I set the case for a scheduling conference on January 24, 2011. Id. at pp. 1, 3. I subsequently reset the scheduling conference to February 4, 2011. See Minute Order [Doc. # 33]. The defendants (including Mr. Neer) failed to appear at the scheduling conference and failed to contact the court by telephone to participate. Scheduling Order [Doc. # 37] at p. 1. They had not made their Rule 26(a)(1) disclosures at the time of the scheduling conference, see Scheduling Order [Doc. # 37] at p. 7, and I am informed that Mr.

---

[1]The quoted language is now found in Fed. R. Civ. P. 16(e).

[2]I have quoted the letter as written, without any attempt to identify or correct errors.

Neer never made any Rule 26(a)(1) disclosures. Motion for Sanctions [Doc. # 96] at p. 4. Mr. Neer does not contend otherwise.

### Failure to Appear for Deposition

It is undisputed that Mr. Neer failed to appear for his deposition as noticed. Deposition Transcript of Marvin Neer (6/3/2011) [Doc. # 96-11] at p. 4. Rule 37(d)(1)(A), Fed. R. Civ. P., empowers a court to impose sanctions if "a party . . . fails, after being served with proper notice, to appear for that person's deposition." Rule 37(d)(3) specifies that available sanctions include "rendering a default judgment against the disobedient party."

### Failure to Answer or Otherwise Respond to the Amended Complaint

The plaintiff was granted leave to amend its complaint, Order [Doc. # 59], and the Amended Complaint was accepted for filing on August 4, 2011. Amended Complaint [Doc. # 60]. Mr. Neer has not answered or otherwise responded to the Amended Complaint.

Rule 16(f), by its express terms, allows a court to enter a default judgment against a party, like Mr. Neer, who fails to appear at the scheduling and/or the pretrial conference and who fails to obey a scheduling order or other pretrial orders. Similarly, Rule 37(d)(1)(A) empowers a court to impose a default judgment if "a party . . . fails, after being served with proper notice, to appear for that person's deposition." Under facts substantially similar to those presented here, the court in Peregrine Communications, Inc. v. Securemet, LLC, 2009 WL 902411 (D. Colo. April 1, 2009), imposed the sanction of a default judgment.

Before imposing a dispositive sanction, the Tenth Circuit Court of Appeals has instructed that a district court must evaluate the following factors:

> (1) the degree of actual prejudice to the [other party]; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction.

Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992)(internal quotations and citations omitted). Applying the Ehrenhaus factors here compels an order granting a default judgment in favor of the plaintiff and against Mr. Neer.

Mr. Neer's failures to answer the Amended Complaint, make Rule 26(a)(1) disclosures, and appear for his deposition have resulted in substantial prejudice to the plaintiff. It has been stymied in its discovery efforts, and is left without any meaningful understanding of Mr. Neer's defenses or evidence.

Mr. Neer's misconduct has resulted in substantial interference with the judicial process. Mr. Neer has failed to meet his disclosure and discovery obligations; failed to comply with court orders and the local rules of this court; and failed to attend the scheduling conference, motions hearings, and the final pretrial conference. Mr. Neer has participated in the litigation only marginally--enough to appear superficially to be defending while, in reality, failing to meet his discovery and other obligations or to present a meaningful defense.

Mr. Neer is proceeding pro se and alone is responsible for his failures to appear at the scheduling and pretrial conferences; to obey the scheduling order, other court orders, local rules of the court, and the Federal Rules of Civil Procedure; and to appear at his deposition.

Previously, when the defendants failed to appear at the scheduling conference, I entered an Order to Show Cause [Doc. # 36, filed 2/4/2011]. I subsequently discharged the Order to Show Cause, but in doing so I warned the defendants (including Mr. Neer) as follows:

> The Neers are cautioned, however, that I have entered a Scheduling Order [Doc. # 37], and that they are required to comply with the Scheduling Order, all other orders of the court, and all applicable rules. Their failure to comply may result in the imposition of sanctions.

Order [Doc. # 47] at pp. 2-3. My warning notwithstanding, Mr. Neer has repeatedly failed to comply with court orders and with the applicable rules.

Finally, no lesser sanction would be effective. Mr. Neer's obduracy has completely frustrated the effective functioning of the rules of procedure and the civil justice system.

Consequently, I agree with the plaintiff that Mr. Neer must be sanctioned and that the entry of a default judgment is the only effective sanction. The nature of the default judgment remains to be determined.

II.

The plaintiff brings ten claims against Mr. Neer: (1) breach of contract; (2) promissory estoppel; (3) breach of implied duty of good faith and fair dealing; (4) breach of implied warranty of fitness for a particular purpose; (5) fraudulent misrepresentation; (6) fraudulent concealment;

(7) negligent misrepresentation; (8) theft; (9) fraudulent conveyance; and (10) imposition of constructive trust and equitable lien. Amended Final Pretrial Order [Doc. # 95] at pp. 2-3. The last three claims are brought against both Mr. Neer and his former wife, Jesusa Neer.

The plaintiff alleges and there is evidence to support findings that Mr. Neer agreed through a series of emails to sell to the plaintiff two new 3512 industrial land mechanical engines with new warranties; with mechanical governors; rated 1,250 horsepower at 1,200 RPM; and set up for oil and gas drilling. Mr. Neer either knowingly or negligently misrepresented that the engines he was selling met the plaintiff's requirements and specifications. The agreed purchase price for both engines was $559,800. By January 11, 2009, the plaintiff had made payment in full to Mr. Neer.

Contrary to his representations, the engines sold by Mr. Neer to the plaintiff were used, not new; marine engines, not land mechanical engines; 900 horsepower, not 1,200; with a minimal warranty, not a new warranty. Mr. Neer knew that the engines he sold did not meet the plaintiff's requirements or his representations.

The plaintiff was assessed $60,000 in liquidated damages when it could not supply conforming engines to the end user.

The plaintiff claims that it rejected the non-conforming engines and sold them for $185,000 at a private sale pursuant to section 4-2-706, C.R.S. The plaintiff did not give Mr. Neer notice of the private sale.

In an Order entered on March 29, 2012, the district judge required the plaintiff to elect its remedy. Oilman Int'l, FZCO v. Neer, 2012 WL 1059987 at *2 (D. Colo. March 29, 2012). In doing so, the district judge relied on Cross Country Land Services, Inc. v. PB Telecommunications, Inc., 276 Fed. Appx. 825, 830 (10th Cir. 2008), where the circuit court explained:

> The election of remedies doctrine exists in Colorado law for several reasons: to prevent a plaintiff from recovering twice for the same wrong, to prevent jury confusion and promote judicial efficiency, and to preclude the assertion of mutually inconsistent remedial theories on the same set of facts.

In response, the plaintiff filed a supplemental brief in which it "specifically elects to affirm the contract and proceed with claims in breach of contract and in tort based on fraud." Supplemental Brief [Doc. # 104] at p. 7.

Under Colorado law, a party may affirm a contract and still pursue damages in tort for fraud causing it to enter into the contract. Trimble v. City and County of Denver, 697 P.2d 716, 723 (Colo. 1985), *superseded by statute on other grounds by* §§ 24-10-101 et seq., C.R.S. (1986). However, Colorado's economic loss rule provides:

> [T]he question of whether the plaintiff may maintain an action in tort for purely economic loss turns on the determination of the source of the duty the plaintiff claims the defendant owed. A breach of a duty which arises under the provisions of a contract between the parties must be redressed under the contract, and a tort action will not lie. A breach of a duty *arising independently* of any contract duties between the parties, however, may support a tort action.

Town of Alma v. AZCO Construction, Inc., 10 P.3d 1256, 1262 (Colo. 2000)(original emphasis).

"The key to determining the availability of a contract or tort action lies in determining the source of the duty that forms the basis of the action." Id. Where a duty exists independently of any contractual obligations, "the economic loss rule has no application and does not bar a plaintiff's tort claim because the claim is based on a recognized independent duty of care and thus does not fall within the scope of the rule." Id. at 1263. Put differently, "[t]he dispositive question on this issue thus becomes whether the breach of duty arises under the contract or independent of the contract." Rossetti Assoc., Inc. v. Santa Fe 125 Denver, LLC, 2011 WL

834177 at * 6 (D. Colo. March 4, 2011).

In United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd, 210 F.3d 1207 (10th Cir. 2000), the Tenth Circuit Court of Appeals held, applying Colorado law:

> A negligent misrepresentation claim is based not on a contractual duty but on an independent common law duty requiring a party, in the course of business, to exercise reasonable care or competence in obtaining or communicating information on which other parties may justifiably rely.

Id. at 1227. Consequently, the circuit court held:

> It is an altogether different situation where it *appears* two parties have in good faith entered into a contract but, in actuality, one party has deliberately made material false representations of past or present fact, has intentionally failed to disclose a material past or present fact, or has negligently given false information with knowledge that the other party would act in reliance on that information in a business transaction with a third party. The breaching party in this latter situation also is a tortfeasor and may not utilize the law of contract to shield liability in tort for the party's deliberate or negligent misrepresentations.

Id.

The plaintiff's claims here are substantially the same as those recognized in the Wharf case as not being barred by the economic loss rule. Here, Mr. Neer appeared to act in good faith in entering into the contract to sell the industrial land mechanical engines but, in reality, he negligently or deliberately made material false representations, failed to disclose material facts, and gave false information with knowledge that the plaintiff would rely on it in its business transactions.

The plaintiff requests that it be awarded the following:

(1) Actual damages of $402,550, which is the difference in the contract price paid to Mr. Neer ($559,800) minus the proceeds it received when it sold the nonconforming engines ($157,250);

(2) Consequential damages of $60,000, which is the amount of liquidated damages paid by the plaintiff to the end user when the plaintiff could not deliver conforming engines;

(3) Treble damages for civil theft pursuant to section 18-4-405; and

(4) Court costs and attorney's fees.

As noted, the Colorado doctrine of election of remedies prevents a plaintiff from recovering twice for the same wrong. Cross Country Land Services, 276 Fed. Appx. at 830. The plaintiff's damages arising under any of the breach of contract, breach of warranty, and tort claim appears to be (1) the difference between the amount it paid for the nonconforming engines ($559,800) minus the amount it was able to recover on sale of the engines ($157, 250); plus (2) the liquidated damages the plaintiff was required to pay the anticipated end user when the plaintiff could not deliver conforming engines ($60,000). The evidence establishes the amount of these damages at $462,550. The plaintiff may recover its actual damages only once, regardless of the theory of recovery.

Pursuant to section 18-4-405, C.R.S., the plaintiff "may recover two hundred dollars or three times the amount of the actual damages sustained by him, whichever is greater, and may also recover costs of the action and reasonable attorney fees" if it is able to establish the

elements of a theft under section 18-4-401, C.R.S.[3] The award of treble damages and attorneys' fees is mandatory if liability is shown. Stewart Software Co., LLC v. Kopcho, 2010 WL 3432214 at *10-11 (Colo. App. Sept. 2, 2010), *rev'd on other grounds,* 266 P.3d 1085 (Colo. 2011); In re Powell, 2008 WL 4489179 at *4 (D. Colo. Sept. 30, 2008).

Section 18-4-401(1), C.R.S., defines theft as follows:

> (1) A person commits theft when he knowingly obtains or exercises control over anything of value of another without authorization, or by threat or deception, and:
>
> (a) Intends to deprive the other person permanently of the use or benefit of the thing of value. . . .

The Colorado Court of Appeals in People v. Carlson, 72 P.3d 411 (Colo. App. 2003), held that a claim of theft was sustained on proof of facts substantially similar to those presented here, stating:

> Theft by deception requires proof that a defendant's misrepresentations to the victim caused the victim to part with something of value in reliance on the misrepresentations. A misrepresentation is a false representation of a past or present fact or a promise made with the intent not to perform.
>
> The victim testified that defendant told him the car belonged to defendant's father and the odometer reading of 75,002 miles was accurate. He further testified that he purchased the car because of these representations.
>
> Defendant does not challenge the evidence showing the car had considerably more than 75,000 miles when purchased by the victim and had multiple owners that did not include his father.

Id. at p. 416 (internal citations omitted).

---

[3]Section 18-4-405, C.R.S., provides "an owner with a private remedy against the taker that requires proof of a specified criminal act but not proof of a prior criminal conviction to recover treble damages, fees, and costs." Itin v. Ungar, 17 P.3d 129, 134, Colo. 2000).

Similarly in this case, the plaintiff's allegations and supporting evidence are that Mr. Neer falsely represented that he was selling to the plaintiff two new 3512 industrial land mechanical engines with new warranties; with mechanical governors; rated 1,250 horsepower at 1,200 RPM; and set up for oil and gas drilling when, in reality, none of those things was true; and that the plaintiff relied on Mr. Neer's representations in purchasing and paying for the engines.

The plaintiff is entitled to an award of three times its actual damages, or $1,387,650, plus its attorneys' fees and costs.

## III.

In <u>Hunt v. Inter-Globe Energy, Inc.</u>, 770 F.2d 145 (10th Cir. 1985), the circuit court reviewed the Supreme Court's decision in <u>Frow v. DeLa Vega</u>, 82 U.S. 552 (1872), and noted that "when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against him until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." <u>Hunt</u>, 770 F.2d at 147 (internal quotation and citation omitted). Here, three claims are asserted against both Mr. Neer and his former wife, implicating the rule in <u>Hunt</u>.

The claim of theft is not a joint claim. To the contrary, Mrs. Neer may be found liable of theft only if the plaintiff proves that she "knowingly obtain[ed] or exercise[d] control" over the plaintiff's money without authorization, or by threat or deception. Section 18-4-401(1), C.R.S. There is no allegation or evidence that Mrs. Neer participated in the misrepresentations made to the plaintiff concerning the engines. Under the facts of this case, Mrs. Neer's liability for theft (if any) is not joint with Mr. Neer's.

The plaintiff does not seek the entry of a default judgment against Mr. Neer on the final two claims--fraudulent conveyance and imposition of a constructive trust. As to those two claims, Mr. Neer should be precluded from introducing any evidence in defense.[4] Nothing contained in this recommendation is intended to implicate Mrs. Neer's rights to present evidence or argue that any transfer was not fraudulent under sections 38-8-101, et seq., or to present defenses under section 38-8-109, C.R.S.

IV.

I respectfully RECOMMEND that the Motion for Sanctions [Doc. # 96] be GRANTED as follows:

(1) Default judgment be entered in favor of the plaintiff and against Marvin Bruce Neer in the amount of $1,387,650, plus attorneys' fees and costs to be submitted by affidavit; and

(2) An order be entered precluding Marvin Bruce Neer from introducing any evidence in defense of the plaintiff's claims of fraudulent conveyance and imposition of a constructive trust.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.

---

[4]Rule 37(b)(2)(A)(ii), Fed. R. Civ. P., permits as a sanction an order "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence. . . ."

Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated April 20, 2012.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge