IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-02810-PAB-BNB

OILMAN INTERNATIONAL, FZCO,

Plaintiff,

v.

MARVIN BRUCE NEER d/b/a Tree Machines, and
JESUSA S. NEER a/k/a Jesusa S. Bartolome,

Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on the **Plaintiff's Second Motion for Summary Judgment** [Doc. # 105, filed 4/19/2012] (the "Second Motion for Summary Judgment"). Neither defendant filed a response.[1]

I respectfully RECOMMEND that the Second Motion for Summary Judgment be DENIED IN PART and DENIED IN PART as moot.

I.

The plaintiff previously sought partial summary judgment [Doc. # 64], which was denied because it had not elected whether to rescind or affirm the underlying contract. Order [Doc. # 102]. Subsequently, the plaintiff sought the entry of a default judgment against Marvin Neer as a sanction for his failures to appear at the final pretrial conference; participate in the preparation of

___

[1] The Second Motion for Summary Judgment essentially adopts by reference and reasserts the arguments previously made in the plaintiff's Motion for Partial Summary Judgment [Doc. # 64]. Jesusa Neer responded to that motion. Response [Doc. # 75].

the proposed final pretrial order; make Rule 26(a)(1) disclosures; appear for his deposition; and answer or otherwise respond to the Amended Complaint. Motion for Default Judgment [Doc. # 96]. I have recommended that the Motion for Default Judgment be granted and that judgment enter in favor of the plaintiff and against Marvin Neer on all of the plaintiff's claims against him except the claims alleging (1) a fraudulent conveyance and (2) imposition of a constructive trust. Recommendation [Doc. # 106]. That Recommendation is pending before the district judge.

Still at issue as against Jesusa Neer are the plaintiff's claims for (1) theft, (2) fraudulent conveyance, and (3) imposition of a constructive trust.

II.

In its Second Motion for Summary Judgment [Doc. # 105] the plaintiff elects to affirm its contract with Marvin Neer and asserts summarily that "plaintiff is entitled to summary judgment on all claims." Second Motion for Summary Judgment [Doc. # 105] at pp. 15, 19. In addition, the plaintiff states that it "has fully analyzed the facts and elements of its claims in its Motion for Partial Summary Judgment [Doc. # 64]," which it "specifically incorporates. . . ." Id. at p. 19.[2]

In view of my pending Recommendation [Doc. # 106] that default judgment enter in favor of the plaintiff and against Marvin Neer on all claims except those asserting a fraudulent conveyance and seeking imposition of a constructive trust, the Second Motion for Summary Judgment should be denied as moot with respect to all claims against Marvin Neer other than the claims for fraudulent conveyance and imposition of a constructive trust.

---

[2]The plaintiff's previous motion was for partial summary judgment and addressed only its First (breach of contract), Fifth (fraudulent misrepresentation), Sixth (fraudulent concealment), Eighth (theft), Ninth (civil conspiracy), Tenth (fraudulent conveyance), and Eleventh (constructive trust) Claims for Relief. Motion for Partial Summary Judgment [Doc. # 64].

III.

Summary judgment is appropriate if the moving party shows that there are no genuine disputes as to any material facts and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In conducting the necessary analysis, the court must view all facts and evidence in the light most favorable to the party opposing summary judgment. Morris v. City of Colorado Springs, 666 F.3d 654, 660 (10th Cir. 2012).

IV.

The plaintiff seeks summary judgment against Jesusa Neer on its claim for theft. In support, the plaintiff relies on section 18-4-405, C.R.S., arguing that "all property obtained by theft . . . shall be restored to the owner," and that the owner "may maintain an action not only against the taker thereof but also against any person in whose possession he finds the property." Motion for Partial Summary Judgment [Doc. # 64] at p. 18.

The plaintiff's theft argument against Jesusa Neer is undeveloped. It states in its entirety:

> Mr. and Mrs. Neer knowingly used and concealed the monies they received from Oilman International in such a manner as to deprive it permanently of its use or benefit by: (1) paying Mr. Shupe $280,000.00 for two used non-conforming marine propulsion engines, and (2) transferring $205,000.00, from the remaining balance of $279,723.66 to Mrs. Neer and keeping the rest for his personal use.

Id. at p. 19.

Section 18-4-401(1), C.R.S., defines theft[3] as follows:

---

[3] Section 18-4-405, C.R.S., provides "an owner with a private remedy against the taker that requires proof of a specified criminal act but not proof of a prior criminal conviction to recover treble damages, fees, and costs." Itin v. Ungar, 17 P.3d 129, 134 (Colo. 2000).

> (1) A person commits theft when he knowingly obtains or exercises control over anything of value of another without authorization, or by threat or deception, and:
>
> (a) Intends to deprive the other person permanently of the use or benefit of the thing of value. . . .

The Colorado Supreme Court has held that in order to establish civil liability for theft "the owner of the property must prove that the taker or defendant committed *acts* constituting" the crime of theft "including the two culpable mental states: (1) that the defendant knowingly obtained control over the owner's property without authorization and (2) that he or she did so with the specific intent to permanently deprive the owner of the benefit of the property." Itin v. Ungar, 17 P.3d 129, 134 (Colo. 2000)(original emphasis).

The plaintiff has failed to identify any facts supporting a finding that Jesusa Neer, as opposed to Marvin Neer, "knowingly obtained control over" Oilman International's property without authorization. To the contrary, the only evidence concerning Jesusa Neer is that she received money transferred to her from her husband and used it to pay household bills and to make a contribution to an Individual Retirement Account. See Motion for Partial Summary Judgment [Doc. # 64] at ¶¶65-72; Second Motion for Summary Judgment [Doc. # 105] at ¶¶73-81. Significantly, the plaintiff states as an undisputed fact that Jesusa Neer "never had any knowledge of Marvin Neers [sic] business dealings." Second Motion for Summary Judgment [Doc. # 105] at ¶79.

Perhaps the plaintiff is attempting to recover under that portion of the statute which allows an owner to "maintain an action not only against the taker thereof but also against any person in whose possession he finds the property." Section 18-4-405, C.R.S. However, in order to recover stolen money under the civil theft statute from a third party, such as Jesusa Neer, a

plaintiff must "be able to trace its cash into the third party's hands, and the third party must still have possession of the stolen money; e.g., in a separate account where it was not commingled with other funds that belong to the third party legitimately." 16 Colo. Prac., Employment Law & Practice § 12.33(b) (Nov. 2011) (citing Cedar Lane Investments v. American Roofing Supply of Colorado Springs, Inc., 919 P.2d 879, 882 (Colo. App. 1996)). The plaintiff admits that most of money at issue here has been spent by Jesusa Neer and is no longer in her possession. In the case of the I.R.A. contribution, there is no evidence that the money has been segregated from other funds legitimately belonging to Jesusa Neer.

The plaintiff has failed to establish that it is entitled as a matter of law to judgment in its favor on its claim against Jesusa Neer for theft, and the Second Motion for Summary Judgment should be denied with respect to that claim.

V.

The plaintiff also seeks summary judgment against both Marvin and Jesusa Neer on its claim for a fraudulent conveyance. Motion for Partial Summary Judgment [Doc. # 64] at pp.20-21. In support, the plaintiff relies on section 38-8-105 of the Colorado Uniform Fraudulent Transfer Act, which provides:

> (1) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
>
> (a) With actual intent to hinder, delay, or defraud any creditor of the debtor; or
>
> (b) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:
>
> (I) Was engaged or was about to engage in a business or a

>transaction for which the remaining assets of the debtor were unreasonably small in relation to the business of transaction; or
>
>(II) Intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.
>
>(2) In determining actual intent under paragraph (a) of subsection (1) of this section, consideration may be given, among other factors, to whether:
>
>(a) The transfer or obligation was to an insider;
>
>(b) The debtor retained possession or control of the property transferred after the transfer;
>
>(c) The transfer or obligation was disclosed or concealed;
>
>(d) Before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit;
>
>(e) The transfer was of substantially all the debtor's assets;
>
>(f) The debtor absconded;
>
>(g) The debtor removed or concealed assets;
>
>(h) The value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;
>
>(i) The debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;
>
>(j) The transfer occurred shortly before or shortly after a substantial debt was incurred; and
>
>(k) The debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

The plaintiff does not purport to present any direct proof of the Neers' intent to hinder, delay, or defraud creditors. Instead, it relies on the "badges of fraud" set out in section 38-8-

105(2), C.R.S., and argues that the presence in this case of evidence fulfilling "several badges of fraud considered together" may create an inference of the Neers' intent to defraud. Motion for Partial Summary Judgment [Doc. # 64] at pp. 20-21. Specifically, the plaintiff points to evidence establishing that $205,000 were transferred to Jesusa Neer (1) who is an insider; (2) constituting "a substantial portion of the money Mr. Neer retained after paying Mr. Shupe"; (3) at a time when Marvin Neer was engaged in a fraud against the plaintiff; (4) who did not provide anything of value in return for the transfer; and (5) at a time when Marvin Neer was incurring a liability with respect to the plaintiff. Id. at p. 21.

Whether a debtor intended to hinder, delay, or defraud creditors is a question of fact upon which the creditor bears the burden of proof. Schempp v. Lucre Mgmt Group, LLC, 75 P.3d 1157, 1161 and 1164 (Colo. App. 2003). The plaintiff has not directed me to a case holding that the presence of some of the badges of fraud is sufficient to establish a fraudulent transfer as a matter of law supporting the entry of summary judgment, and I have found none. See, e.g., Schempp, 75 P.3d at 1164 (affirming the trial court's finding, following a trial to the court, that the transfer was not fraudulent); Tarasiewicz v. Weiss, 2006 WL 2361733 (D. Colo. Aug. 14, 2006) (finding that the record was insufficient to warrant the entry of summary judgment and noting that although "the facts as alleged strongly suggest a fraudulent transfer, . . . this Court may not substitute its judgment for that of a jury"); Krol v. Unglaub, 332 B.R. 303 (Bkrtcy. N.D. Ill. 2005)(applying Colorado law and finding a fraudulent transfer following a trial to the court); cf. In re M&L Business Mach. Co., Inc., 155 B.R. 531, 539-40 (Bkrtcy. D. Colo. 1993)(applying federal law; avoiding a transfer as fraudulent in a case involving a Ponzi scheme; and stating "[o]ne can infer an intent to defraud future [Ponzi participants] from the mere fact that a debtor

7

was running a Ponzi scheme. Indeed, no other reasonable inference is possible").

On the record now before me, I cannot say as a matter of law that the plaintiff has met its burden of showing that Marvin Neer's transfers of funds to his wife, Jesusa, were fraudulent. The Second Motion for Summary Judgment should be denied with respect to the fraudulent transfer claim.

## VI.

Finally, the plaintiff seeks summary judgment on its claim under section 38-8-108, C.R.S., for the imposition of a constructive trust on the former family home, now held solely by Jesusa Neer. Motion for Partial Summary Judgment [Doc. # 64] at pp. 22-23; Amended Complaint [Doc. # 60] at pp. 25-26. Section 38-8-108 is a remedy available where a fraudulent transfer has been established. In this case, I have recommended that summary judgment be denied with respect to the plaintiff's fraudulent transfer claim. Similarly, the plaintiff's request for summary judgment imposing a constructive trust based on the alleged fraudulent transfer should be denied.

## VII.

I respectfully RECOMMEND that the Second Motion for Summary Judgment [Doc. # 105] be:

(1) DENIED as moot with respect to all claims against Marvin Neer other than the claims for fraudulent conveyance and imposition of a constructive trust; and

  (2)  DENIED in all other respects.[4]

Dated June 7, 2012.

               BY THE COURT:

               s/ Boyd N. Boland
               United States Magistrate Judge

---

[4] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).