IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-02810-PAB-BNB

OILMAN INTERNATIONAL, FZCO,

      Plaintiff,

v.

MARVIN BRUCE NEER, d/b/a TREE MACHINES, a/k/a Marvin Bartolome, and
JESUSA S. NEER a/k/a Jesusa S. Bartolome,

      Defendants.
_____

# ORDER
_____

      This matter is before the Court on the Recommendation of United States

Magistrate Judge (the "Recommendation") [Docket No. 106].  The magistrate judge

recommends that the Court grant plaintiff's motion for default judgment pursuant to

Fed. R. Civ. P. 16(f) [Docket No. 96] against defendant Marvin Bruce Neer.  The

Recommendation states that objections to the Recommendation must be filed within

fourteen days after its service on the parties.  *See* 28 U.S.C. § 636(b)(1)(C).  The

Recommendation was served on April 20, 2012.  No party has objected to the

Recommendation.

      In the absence of an objection, the district court may review a magistrate judge's

recommendation under any standard it deems appropriate.  *See Summers v. Utah*, 927

F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985)

("[i]t does not appear that Congress intended to require district court review of a

magistrate's factual or legal conclusions, under a *de novo* or any other standard, when

neither party objects to those findings").  In this matter, the Court will review the

Recommendation to satisfy itself that there is "no clear error on the face of the record."[1]

Fed. R. Civ. P. 72(b), Advisory Committee Notes.  Having engaged in that review, the

Court will accept the recommendation that default judgment enter against Mr. Neer.

The Recommendation proceeded to address the "nature of the default judgment"

that should enter.  In its amended complaint, plaintiff summarized that it seeks

> pursuant to Colorado law to claim damages from a fraud perpetrated by the Defendant, Mr. Marvin Bruce Neer, on the Plaintiff, Oilman International, FZCO, by (1) misrepresenting the material specifications of two new Caterpillar land-based engines that were required by the Plaintiff in its business of supplying equipment to the Middle East oil industry; (2) receiving the contract price of $559,723.66 U.S.D. from the Plaintiff; (3) failing to deliver the two new Caterpillar land-based engines as requested by the Plaintiff; and (4) failing to refund the contract price to the Plaintiff. Instead, Mr. Neer paid another broker $280,000.00 U.S.D. for two used non-conforming engines, and transferred the balance he received from Oilman International, FZCO, with the exception of $55,000.00 U.S.D., to his wife [defendant Jesusa S. Neer], in a fraudulent conveyance.

Docket No. 60 at 1-2.  Plaintiff brings claims against Mr. Neer for breach of contract,

fraudulent misrepresentation, fraudulent concealment, and civil theft.[2]  In a March 29,

2012 order, the Court granted plaintiff leave to elect its remedies and address the

potential implications of Colorado's economic loss rule.  In response, plaintiff elected to

---

[1]This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).

[2]In its complaint, plaintiff also seeks to recover on its claim for fraudulent conveyance and requests imposition of a constructive trust or equitable lien, but the Recommendation construed its motion for default judgment as omitting these requests. The magistrate judge recommends that Mr. Neer nevertheless should be barred from introducing any evidence in defense of these claims.  In regard to this aspect of the Recommendation, the Court identifies "no clear error on the face of the record."  Fed. R. Civ. P. 72(b), Advisory Committee Notes.

affirm the contract with Mr. Neer so as to proceed on its breach of contract claim. Plaintiff also seeks to proceed on its claims for fraudulent misrepresentation, fraudulent concealment, and civil theft, arguing that Colorado's economic loss rule does not preclude the claims under the circumstances presented here.  The Recommendation agreed.

As the Court noted in its March 29 order, the Colorado Supreme Court held in *Town of Alma v. AZCO Constr., Inc.*, 10 P.3d 1256 (Colo. 2000), "that a party suffering only economic loss from the breach of an express or implied contractual duty may not assert a tort claim for such breach absent an independent duty of care under tort law." *Id.* at 1264.[3]  To determine whether a separate tort action may proceed, courts must identify "the source of the duties of the parties."  *Id.* at 1262.  The *Town of Alma* court "recognized that certain common law claims that sound in tort and are expressly designed to remedy economic loss *may* exist independent of a breach of contract claim." *Id.* at 1263 (citing cases arising out of common law fraud and negligent misrepresentation) (emphasis added).[4]

------------------------------------------------------------

[3]The Colorado Supreme Court has since identified "three main policy reasons" that support the application of the rule "between and among commercial parties . . . :(1) to maintain a distinction between contract and tort law; (2) to enforce expectancy interests of the parties so that they can reliably allocate risks and costs during their bargaining; and (3) to encourage the parties to build the cost considerations into the contract because they will not be able to recover economic damages in tort."  *BRW, Inc. v. Dufficy & Sons, Inc.*, 99 P.3d 66, 72 (Colo. 2004).

[4]*Cf. Hamon Contractors, Inc. v. Carter & Burgess, Inc.*, 229 P.3d 282, 291 (Colo. App. 2009) ("The court did not articulate any sweeping principle exempting post-contractual fraud claims from the ambit of the economic loss rule.")

The Court need not determine whether the economic loss rule bars plaintiff's fraudulent concealment and fraudulent misrepresentation claims. As the Recommendation notes, plaintiff seeks the difference between the contract price paid to Mr. Neer ($559,800) and the amount it received upon sale of the noncomplying engines ($157,250), or $402,550, as well as consequential damages of $60,000 on its breach of contract and fraud claims. Because plaintiff will recover these damages on its breach of contract claim, the Recommendation concluded that plaintiff may not recover them again on the separate fraud claims. Plaintiff does not object to this conclusion, and the Court finds "no clear error on the face of the record," Fed. R. Civ. P. 72(b), Advisory Committee Notes, in that regard.

Plaintiff, however, also seeks to recover treble damages along with costs and attorney's fees on its civil theft claim against Mr. Neer. *See* Colo. Rev. Stat. § 18-4-405; *see Huffman v. Westmoreland Coal Co.*, 205 P.3d 501, 509 (Colo. App. 2009) (stating that the elements of a civil theft claim are as follows: "(1) defendant knowingly obtained control over his property without authorization and (2) defendant did so with the specific intent to permanently deprive him of the benefit of the property"). [5] Here, plaintiff's

---

[5]In concluding that plaintiff was permitted to proceed both on its breach of contract and civil theft claims, the Recommendation relied upon *United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd.*, 210 F.3d 1207 (10th Cir. 2000). The *Wharf* court concluded that the economic loss rule did not bar claims for breach of fiduciary duty, where an independent duty arose "from the parties' status as joint venturers," or for fraud and negligent misrepresentation, noting that an independent duty arises "where it *appears* two parties have in good faith entered into a contract but, in actuality, one party has deliberately made material false representations of past or present fact, has intentionally failed to disclose a material past or present fact, or has negligently given false information with knowledge that the other party would act in reliance on that information in a business transaction with a third party." *Wharf*, 210 F.3d at 1227 (emphasis in original). The fact that certain misrepresentations, under appropriate

4

breach of contract and civil theft claim are "inextricably intertwined [in that] the latter could not be proven without first proving the former." *Makoto USA, Inc. v. Russell*, 250 P.3d 625, 629 (Colo. App. 2009).  To be truly independent of the contract, the duty (1) "must arise from a source other than the relevant contract," *and* (2) "must not be a duty also imposed by the contract." *Haynes Trane Service Agency, Inc. v. American Standard, Inc.*, 573 F.3d 947, 962 (10th Cir. 2009) (citations omitted) (interpreting Colorado economic loss rule).

Here, Mr. Neer's failure to produce the requisite engines in exchange for the contractually agreed-upon payment cannot support both plaintiff's breach of contract and civil theft claims.  *Cf. H & H Distributors, Inc. v. BBC Int'l, Inc.*, 812 P.2d 659, 662 (Colo. App. 1990) ("A claim for the tort of fraud cannot be predicated upon the mere nonperformance of a promise or contractual obligation or upon the failure to fulfill an agreement to do something at a future time.").  In support of its breach of contract claim, plaintiff alleges that Mr. Neer was required to supply specific engines in exchange for its payment.  Plaintiff's civil theft claim essentially alleges that he wrongfully retained plaintiff's payment despite his failure to supply the engines.  This is merely a recasting of the breach of contract claim.  *See Makoto*, 250 P.3d at 629 ("[E]conomic loss rule

_____

circumstances, may support independent tort claims does not open the door to plaintiff's civil theft claim here.

The Court notes that the *Wharf* court stated that it was "settled in Colorado that the economic loss rule applies only to tort claims based on negligence, and only to *some* negligence claims." *Wharf*, at 1226 (emphasis in original).  Although the economic loss rule is most commonly applied to negligence claims, the Colorado Supreme Court has since made clear that *Town of Alma* "did not draw any bright lines among types of torts (e.g., fraud, negligence) that are always barred by the economic loss rule, those that may be barred, and those that are never barred." *Hamon Contractors, Inc. v. Carter & Burgess, Inc.*, 229 P.3d 282, 291 (Colo. App. 2009).

preclud[es] contract cases from being 'recast as tort cases in order to escape the limitations that the law has placed on suits for breach of contract.'") (quoting Richard A. Posner, *Common-Law Economic Torts: An Economic and Legal Analysis*, 48 Ariz. L. Rev. 735, 745 (2006)).[6]

To the extent plaintiff argues that it was wrongfully induced into making the payment by Mr. Neer's false statements, it seeks to affirm the contract and, therefore, has sought to bind itself and Mr. Neer to the terms of the agreement. *Cf. Makoto*, 250 P.3d at 628 ("Plaintiff relies on *Rhino Fund, LLLP v. Hutchins* . . ., the only reported case to consider Colorado's economic loss rule and a civil theft claim. *Rhino Fund* held a civil theft claim was not barred by the economic loss rule, where: (1) the investment manager stole escrowed monies that he had no right to take for his personal benefit; and (2) the investor 'ha[d] no contractual remedy' because the manager was not a party to the investment contract.") (citations omitted). Having done so, plaintiff fails to explain how it could establish its civil theft claim without first proving a breach of the contract or why it would be entitled to civil theft damages arising out of that breach.[7] *See Gross v.*

---

[6]*Cf. Makoto*, 250 P.3d at 629 ("There is no indication that the stolen property statute was intended to expand contractual remedies. To the contrary, that statute, which dates to 1861, has been construed narrowly in contract cases precisely to avoid expanding contractual remedies.").

[7]*See Makoto*, 250 P.3d at 628:
The theft claim could not have been proven without first proving that defendants also breached their contract with plaintiff. Defendants were entitled, on the face of the contract, to all the monies paid by plaintiff, including the last payment of $50,000 that plaintiff contends was stolen by defendants. In return for these payments, defendants had reciprocal contractual duties to deliver the utility patent and other property to plaintiff. Had defendants complied with their reciprocal contractual duties, plaintiff would have no colorable claim that defendants "stole" a contractual

*Silverberg*, No. 10-cv-00687-REB-BNB, 2010 WL 5147594, at *4 (D. Colo. Dec. 13, 2010) ("Nothing . . . suggests that defendants obtained from plaintiffs anything other than the money that was to be invested in the properties or that defendants failed to return to plaintiffs anything other than the payments contemplated by the notes.  This claim, thus, is not independent of the contract, because the source of the alleged duty is one also imposed by the contract."); *see also Western Convenience Stores, Inc. v. Thielen*, No. 09-cv-02626-LTB-BNB, 2011 WL 866755, at *7 (D. Colo. March 14, 2011).  Therefore, the Court finds that plaintiff may not recover treble damages, costs or fees[8] pursuant to Colorado's civil theft statute.

For the foregoing reasons, it is

**ORDERED** as follows:

1.   The Recommendation of United States Magistrate Judge [Docket No. 106] is ACCEPTED in part.

2.   Plaintiff's Motion for Default Judgment Pursuant to Fed. R. Civ. P. 16(f) [Docket No. 96] is GRANTED in part and DENIED in part.

3.   Upon entry of final judgment in this case, default judgment shall be entered in favor of plaintiff and against defendant Marvin Bruce Neer in the amount of $462,550.

4.   Plaintiff's claim for civil theft against defendant Marvin Bruce Neer is dismissed.

─────────────────────

payment.

[8]Plaintiff, however, will be entitled, upon entry of final judgment in this case, to seek its costs pursuant to Fed. R. Civ. P. 54(d)(1).  Furthermore, this order does not foreclose plaintiff from filing a motion for its attorney's fees pursuant to Fed. R. Civ. P. 54(d)(2) upon some other basis for their recovery.

5.   Defendant Marvin Bruce Neer shall be precluded from introducing any evidence in defense of plaintiff's claims of fraudulent conveyance and imposition of a constructive trust or equitable lien.

DATED July 11, 2012.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge