IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-02810-PAB-BNB

OILMAN INTERNATIONAL, FZCO,

Plaintiff,

v.

MARVIN BRUCE NEER, d/b/a Tree Machines, a/k/a Marvin Bartolome,

Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on plaintiff's **Motion for Judgment In Favor of the Judgment Debtor Marvin Neer and Against the Garnishee City of Brighton for the Use of the Judgment Creditor Oilman International, FZCO** [Doc. # 156, filed 1/3/2014] (the "Motion"). I respectfully RECOMMEND:

(1)     That the Motion [Doc. # 156] be GRANTED;

(2)     That judgment enter in favor of the judgment debtor, Marvin Neer, for the use of the judgment creditor, Oilman International, FZCO , and against garnishee, City of Brighton, in the amount of $7,300.00 (the "funds"); and

(3)     That the City of Brighton be ordered to pay the funds to the order of Pearson & Paris, P.C., 390 Union Boulevard, Suite 250, Lakewood, Colorado 80220.

Final judgment was entered in favor of Oilman International, FZCO ("Oilman"), and against Mr. Neer in the amount of $657,154.00, plus interest and costs. Final Judgment [Doc. # 143, entered 8/28/2012]. Subsequently, costs were awarded in the amount of $12,170.79. Costs

Taxed [Doc. # 147, filed 9/26/2012].

Under Rule 69, Fed. R. Civ. P., the procedure on execution of a judgment "must accord with the procedure of the state where the court is located. . . ."  In Colorado, garnishment proceedings are governed by Rule 103, Colo. R. Civ. P.  Applicable here is Rule 103, Sec. 2 concerning a Writ of Garnishment (On Personal Property Other Than Earnings of a Natural Person) With Notice of Exemption and Pending Levy, which provides in relevant part:

**(g) Court Order on Garnishment Answer.**

(1) If an answer to a writ with notice shows the garnishee is indebted to the judgment debtor, the clerk shall enter judgment in favor of the judgment debtor and against the garnishee for the use of the judgment creditor in an amount not to exceed the total amount due and owing on the judgment and . . . if the judgment creditor is represented by an attorney . . ., the garnishee shall pay the funds directly to the attorney. . . .

(2) No such judgment and request shall enter until the judgment creditor has made a proper showing that: (A) a copy of the writ with notice was properly served upon the judgment debtor, and (B) no written claim of exemption was filed within 14 days after such service or a written claim of exemption was properly filed and the same was disallowed.

A Writ of Garnishment With Notice of Exemption and Pending Levy [Doc. # 149] was served on the City of Brighton, which answered that it possessed personal property belonging to Mr. Neer in the form of "$7300.00 Cash U.S. Currency."  Writ of Garnishment [Doc. # 149, filed 11/19/2012.  Thereafter, the a copy of the writ with notice, together with a blank copy of C.R.C.P. Form 30 "Claim of Exemption to Writ of Garnishment With Notice" were personally served on Mr. Neer in Wisconsin on December 12, 2013.[1]  Certificate of Service [Doc. # 155,

---

[1]Rule 103, Sec. 2(d)(2), C.R.S., provides that service on the judgment debtor "in accordance with C.R.S. 13-54.5-107(2)."  That section provides that service "shall be made by

filed 12/30/2013] at p. 3.  Mr. Neer has not filed a written claim of exemption.

Oilman is a Free Zone Company located in and organized under the laws of the Jebel Ali Free Zone, Dubai, United Arab Emirates.  Complaint [Doc. # 1].  It has been represented throughout these proceedings by Sean P. Paris of Pearson & Paris, P.C.  Id.

I respectfully RECOMMEND:[2]

(1)     That the Motion [Doc. # 156] be GRANTED;

(2)     That judgment enter in favor of the judgment debtor, Marvin Neer, for the use of the judgment creditor, Oilman International, FZCO , and against garnishee, City of Brighton, in the amount of $7,300.00 (the "funds"); and

(3)     That the City of Brighton be ordered to pay the funds to the order of Pearson & Paris, P.C., 390 Union Boulevard, Suite 250, Lakewood, Colorado 80220.

---

delivering a copy of such notice to the judgment debtor personally or by leaving a copy of such notice at the usual abode of the judgment debtor with some member of his or her family over the age of eighteen years," or by publication with leave of court upon a showing that personal service cannot be made.

[2]Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.   A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated March 13, 2014.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge